NORTHERN INDIANA PUBLIC SERVICE COMPANY *v.* NIELSEN ET UX.

[No. 18,344. Filed December 18, 1952.]

200

*Lawyer & Anderson*, of Hammond, and *Leo J. Clifford*, of Valparaiso, for appellants.

*Douglas & Nixon*, of Valparaiso, for appellees.

ROYSE, C. J.—Appellant brought this action for the appropriation of a right of way for electric transmission lines across appellees' real estate. Appraisers appointed by the court awarded appellees damages of $1,000.00. They filed written exceptions to the appraisers' report. Trial to a jury on the issue of the amount of damages due appellees. The jury returned a verdict for $3,000 with interest in favor of appellees. Judgment accordingly. The error assigned here is the overruling of appellant's motion for a new trial. This motion had twenty specifications. We proceed to consider those not waived in the order presented by the briefs of the parties.

Appellant, in the argument portion of its brief, has combined the first five specifications of the motion for a new trial because it asserts substantially the same question is raised by each. They assert the verdict is not sustained by sufficient evidence, is contrary to law, assessment of amount of recovery is too large, and damages assessed are excessive.

The contention of appellant in support of the foregoing questions presented by its motion for a new trial is based on the evidence as to the damage to appellees' property caused by the right of way. There was a sharp conflict in the evidence on this matter. However, appellant in its brief admits there was evidence from appellees and other landowners which would sustain the verdict. It asks why the jury ignored the evidence of its witnesses. We do not know. However, in our opinion, there was sufficient substantial evidence of probative value to sustain the verdict of the jury. We may not weigh the evidence.

Specifications eight to twelve of appellant's motion for a new trial assert the trial court erred in refusing to give certain of its tendered instructions.

The court refused appellant's Instruction No. 1, which is as follows:

"The issue before you is the amount of compensation for the property of which plaintiff, Northern Indiana Public Service Company, takes exclusive possession, and the amount of damages, if any, which the landowner is entitled to recover because of depreciation in the fair cash market value of land not so taken, but damaged, if any is proven. The only property of which plaintiff takes exclusive possession is the land actually occupied by the steel towers and poles to carry its electrical transmission wires. The landowner is entitled to recover the fair cash market value of the land taken for the location of the steel towers and poles.

"The landowner is entitled to recover the depreciation, if any is proven, in the fair cash market value of any of the land owner's other land caused by it being subject to plaintiff's easement right to use it for its electrical transmission lines."

The trial court gave appellant's instruction No. 2, which is as follows:

"You are further instructed that the property condemned in this proceeding is an easement for a right of way over a strip of land one hundred feet wide, and that of such strip there will be exclusively taken by plaintiff the portion for the location of the steel towers and any poles to carry the plaintiff's electrical transmission wires and that as to the balance of such strip the plaintiff and the owner will have the joint use thereof, the landowners' rights being subject to the plaintiff's easement rights."

Appellant contends its tendered instruction should have been given to instruct the jury that the owner is entitled to recover the fair cash market value of the land taken for the location of the steel towers and poles being the only property of which appellant takes exclusive possession, and the depreciation in the fair cash market value of the rest of appellees' land. In support of this contention appellant relies on the case of *Illinois Power & Light Corporation* v. *Talbott et al.* (1926), 321 Ill. 538, 152 N. E. 486, 490. That case is clearly distinguishable from the question presented herein. In that case the Illinois court held it was error not to strike out evidence as to value of land not taken by the easement based on elements which were not recognized by the law as proper in condemnation proceedings.

In *Indianapolis R. Co.* v. *Branson et al.* (1909), 172 Ind. 383, 388, 86 N. E. 834, 88 N. E. 594, our Supreme Court said:

"It is true, as the authorities affirm, that damages are assessed 'once for all,' and all legitimate damages resulting from the appropriation of the land should be included in the original award or assessment, for such assessment is conclusively presumed to embrace damages for every injury which could have been legally included in the appraisal made by the appraisers or the assessment made by the jury, and it will operate to bar a recovery by the landowner of any damages which should and could have been legally included therein."

In *Union Traction Company* v. *Pfeil et al.* (1906), 39 Ind. App. 51, 57, 58, 78 N. E. 1052, we said:

"It was proper to consider in this proceeding all damages present and future arising from the proper construction and operation of the railroad. Such damages not recovered in this proceeding could not be recovered in a subsequent action. By this proceeding the appellant obtains the right, as against the appellees, to construct additional tracks on its right of way now acquired, and the right to run any number of cars which it may find it profitable or convenient to run in the proper management of its business as an interurban railroad running through and connecting many towns and cities. At the time of the awarding of damages by the jury there could be no certainty as to the number of tracks, or as to the number and location of side-tracks or switches on the right of way upon the land of the appellees, or as to the number of cars that will be used, but there was a certainty that a right was being acquired which constituted a certain present effect on the value of the real estate, and the compensation to the landowners must be made now, if ever. The amount of that compensation was dependent upon the probabilities, shown by the whole evidence, as to the extent of the injury."

In this case appellant condemned a right of way 2,071.58 feet long and 100 feet wide. It had and still

has the right to locate or relocate towers, poles and lines on and over any part of this right of way. It had the right to, at any time, go onto this right of way to repair and maintain its transmission lines. Based upon the last mentioned authorities, we are of the opinion this instruction was too narrow and therefore properly refused. Furthermore, in other instructions the jury was adequately and properly instructed on this question.

Appellant next complains of the trial court's refusal to give its tendered instructions 5, 6 and 20. In the argument portion of its brief it gives only a general statement as to why these instructions should have been given. It cites no authority to support its contentions. In our opinion no reversible error has been shown by the refusal to give these instructions. Other more accurate instructions on the subject they covered were given by the trial court.

Specification six of the motion asserts error in the giving of the trial court's instruction No. 5. By this instruction the court informed the jury in fixing the amount due appellees it should determine each of the following elements:

"1. The fair market value of the easement appropriated;

"2. The damages, if any, to the residue of the approximately 80 acre tract of land of the defendants caused by taking out the easement;

"3. Such other damages, if any, as may have resulted to the defendants Nielsen and Nielsen from the construction of the towers and electric line across their land."

The objection appellant made in the trial court to this instruction is as follows:

"1. The fair market value of the easement appropriated is not the proper method of determining damages. The instruction does not follow the provision of the statute. The statute refers to the fair market value of each parcel of property sought to be appropriated, and not to the value of the easement, expressly, as the instruction states.

"2. The wording of subparagraph No. 2 in the instruction again refers to the easement rather than the part appropriated.

"3. The instruction does not state the proper measure of damages as referred to in the statute and in accordance with law."

This instruction is a substantial statement of the statute, §3-1706, Burns' 1946 Replacement, as to the measure of damages in actions of this nature. In this case the easement consisted of but one parcel of land. Appellant here contends the third paragraph of this instruction is wholly inapplicable and misleading because there was no business or anything that could result in any other damage; that the damages sustained by appellees were included in the first and third paragraphs of §3-1706, supra. However, appellant did not make this objection in the trial court and we may not consider that contention. Rule 1-7, Rules of the Supreme Court; *Lease* v. *G. & A. Truck Lines, Inc.* (1950), 120 Ind. App. 78, 82, 90 N. E. 2d 351; *Keeshin Motor Express Co.* v. *Sowers* (1942), 221 Ind. 440, 446, 48 N. E. 2d 459. In our opinion, the instruction was a correct statement of the elements of damages to be considered.

Appellant groups specifications thirteen to eighteen of its motion for a new trial. These relate to the refusal of the trial court to strike out certain evidence and the overruling of its objections to certain evidence. It would serve no good pur-

pose to set out in detail items of testimony which appellant, by specifications thirteen, fourteen and sixteen, sought to have stricken out. After a careful examination of these we are of the opinion no reversible error has been shown by reason of the trial court's action on these matters. No question is presented by specifications fifteen, seventeen and eighteen because the appellant did not set out the answers to the questions objected to in its motion for a new trial.

Specifications nineteen and twenty of the motion for a new trial are waived because appellant has not set out in its brief the trial court's instructions as to the form of its verdict.

In conclusion, we have carefully considered the questions presented by appellant and are of the opinion this case was fairly tried, the jury was adequately and properly instructed as to the law and no cause for reversal has been shown.

Judgment affirmed.

NOTE.—Reported as 109 N. E. 2d 442.