tions in statutes. It is lodged principally in equity jurisprudence. In legal significance, it is not mere delay in asserting a right, but delay that works a disadvantage to another.

Certainly there is nothing in the case before us to indicate prejudice to a father who is called upon to pay for the support of his child pursuant to an order of the court. For example, there is nothing here which shows a change of status on the part of the father, or a dealing between the parties which induced the father to do anything, or to omit the doing of anything, to his hurt, because of the delay of the wife in asserting her right to a judgment for the entire amount of money legally due her.

An action of this nature may be brought in an independent suit in the Court of Common Pleas; or it may be maintained by motion in the original suit after proper notice to the delinquent party, on the theory that the court retains, by implication, jurisdiction to reduce its installment orders for payment to a lump-sum judgment upon which execution may later issue.

The judgment under review will be reversed, and the cause remanded to the Court of Common Pleas for trial.

*Judgment reversed and cause remanded.*

HUNSICKER, P. J., and STEVENS, J., concur.

HUNSICKER, P. J., DOYLE and STEVENS, JJ., of the Ninth Appellate District, sitting by designation in the Eighth Appellate District.

THE STATE OF OHIO, APPELLEE, *v.* COLE, APPELLANT.

(No. 8502—Decided November 24, 1958.)

*Mr. C. Watson Hover,* prosecuting attorney, and *Mr. Frank J. Longano,* for appellee.

*Mr. William F. Hopkins* and *Mr. Harvey B. Woods,* for appellant.

HILDEBRANT, P. J.   This is an appeal in a criminal case wherein defendant, appellant herein, was tried and convicted at the hands of a jury of second degree murder, and sentenced to life imprisonment.

At the trial, defendant testified in his own behalf and, on cross-examination by the prosecution, was properly asked about a prior conviction of a crime which he admitted.

The prosecutor then asked the following questions:

"Q. Joe, did you ever live in South Mt. Vernon, Ohio?   A. I never lived in Mt. Vernon, Ohio, no.

"Q. What about the murder charge in Mt. Vernon, Ohio, in 1927?"

Defense counsel promptly moved for a mistrial, claiming no charge of the court could correct the error, which motion was overruled.

The witness then answered:

"A. Never convicted of anything else in my life."

The prosecutor then asked:

"Q. You weren't convicted of murder in 1927?   A. No."

Defense counsel again moved for a mistrial and was again overruled, taking appropriate exceptions.

Appellant claims here that the foregoing cross-examination is prejudicial error, requiring a reversal by this court.

It is settled law in Ohio, that a defendant offering himself as a witness subjects himself to the same rules and credibility tests as other witnesses, and he may be cross-examined as to convictions of crime under state or federal laws.   This is both by statute—Section 2945.42, Revised Code—and the common law.

It is apparent that the foregoing cross-examination was improper, and this court considers it prejudicial.

The burden is on the state to prove guilt beyond a reasonable doubt by competent evidence, and it cannot deviate in the slightest degree from the rules it has itself prescribed. While the constitutional phrase "due process of law" eludes exact definition, it requires an exacting complete vindication of the constitutional guarantee of the presumption of innocence, and a fair and impartial trial by jury.

We think the law as set forth in *Wagner* v. *State,* 115 Ohio St., 136, 152 N. E., 28, is controlling here. At page 137, it is stated:

"It is evident that the state had no information concerning any such convictions. Manifestly these questions were asked for the sole purpose of discrediting Wagner before the jury. Questions of this kind are often permitted on cross-examination as being preliminary to the later showing that in fact the indictments inquired about resulted in convictions. When the state has no such further evidence, or produces none, then questions of this character become incompetent for any purpose, and, when counsel for the state knows that no convictions attended the indictments inquired about, then this line of cross-examination is wholly unfair, and is highly prejudicial to the accused.

"If the fact that the accused has been indicted at other times and for other crimes is to discredit him with the trial jury, then counsel for the state should be allowed to argue to the jury that the accused is so discredited by the very indictment under which he is on trial; in other words, that he enters the trial not presumed to be innocent, but seriously discredited by reason of the fact that he has been indicted. No prosecutor would be permitted in any court to make any such argument.

"There is another feature to this class of cross-examination worthy of mention, and which further manifests its unfairness; that is, the so-called preliminary questions about having been indicted are as unnecessary as they are improper in most cases. If the state believes that convictions have been had for the other crimes, then the party being cross-examined should be asked the direct question whether he has been convicted of the other crimes. The accused may be able to answer that question

truthfully that he has not, and yet at the same time it may be that he has been indicted.''

The prosecution here apparently had defendant's criminal record at hand and knew that the Mt. Vernon charge did not result in a conviction, so that the only reason for the questions had to be to discredit the defendant before the jury.

In oral argument, the state, conceding the cross-examination to be improper and prejudicial, contends that even so, the record contains ample additional evidence to prove guilt beyond a reasonable doubt, and, therefore, the conviction should be affirmed. *State* v. *Witsel*, 144 Ohio St., 190, 58 N. E. (2d), 212, is cited in support of that contention. We can distinguish that from the instant case.

Other citations in support of our conclusion will be found in 15 Ohio Jurisprudence (2d), 536, Section 366; *State* v. *Hickman*, 102 Ohio App., 78, 141 N. E. (2d), 202; and *State* v. *Cocco*, 73 Ohio App., 182, 55 N. E. (2d), 430.

The judgment of conviction is reversed, and the cause is remanded for further proceedings according to law.

*Judgment reversed.*

MATTHEWS and LONG, JJ., concur.