## BLINCOE *v.* STATE OF INDIANA.

[No. 30,003. Filed November 8, 1962.]

*Theodore Lockyear, Jr., Thomas Lockyear* and *Lockyear & Lockyear,* of Evansville, for appellant.

*Edwin K. Steers,* Attorney General, and *Richard C. Johnson,* Deputy Attorney General, for appellee.

JACKSON, J.—This is an appeal from a judgment of conviction of the crime of second degree burglary.

Appellant was prosecuted by affidavit, the sufficiency of which was tested by a motion to quash. The motion was overruled, appellant waived arraignment,

and entered a plea of not guilty. Trial was by jury, resulting in a verdict and judgment of guilty on May 10, 1960. Appellant was sentenced in conformity thereto and ordered committed "to the custody of the Board of Trustees of the Indiana Reformatory to be confined by them according to law for a period of not less than two (2) years nor more than five (5) years...."

Thereafter on June 2, 1960, appellant, as a pauper, filed his motion for a new trial. On that date the court appointed John G. Bunner, public defender, to represent appellant. On June 9, 1960, appellant filed an amended motion for a new trial which, omitting caption, signatures and formal parts, is as follows:

"1. The verdict of the jury is contrary to law.

"2. The verdict of the jury is not sustained by sufficient evidence.

"3. Error of law occurring at the trial in this to-wit:

"That the Court erred in permitting the defendant to be tried when said defendant was obviously not adequately represented by counsel, thereby depriving defendant of his right to a fair trial as guaranteed by the Constitution of the State of Indiana and the Constitution of the United States, all as evidenced by the record herein, and specifically the following acts on the part of Hobart Hancock who represented the defendant at the trial of the within cause;

"a). That the defendant submitted a list of witnesses to his attorney Hobart Hancock, and that said Hobart Hancock failed to subpoena said witnesses;

"b). That said Hobart Hancock failed to file a notice of intention to prove alibi, thus preventing the defendant from offering proof of same;

"c). That said Hobart Hancock, during the course of the trial, attempted to withdraw as defendant's attorney;

"d). That said Hobart Hancock on various occasions during the course of said trial, advised defendant to question the witnesses himself and failed to cross examine witnesses;

"e). That said Hobart Hancock failed to make a closing argument to the jury and the defendant was required to make his own summation;

"f). That said Hobart Hancock presented himself to the defendant at the Vanderburgh County Jail and represented himself as a competent attorney when in fact he was not.

"4. Error of law occurring at the trial in this to-wit:

"That the Court erred in overruling the defendant's oral motion for continuance on the morning of said trial.

"5. Error of law occurring at the trial in this to-wit:

"That the Court erred in admitting into evidence, over the objection of the defendant, a written statement made by the defendant to police officers."

The Assignment of Errors contains two specifications as follows:

"1. The trial court erred in overruling Appellant's amended motion for a new trial.

"2. The trial court erred in overruling Appellant's motion to quash the affidavit."

In arriving at a determination of the issues involved in this cause, in view of the decision we must reach, we need not and do not consider the ruling on the motion to quash.

Without going into detail it suffices to say that the record before us fully sustains the allegations of the above motion for a new trial. The affidavits accompanying such motion are uncontradicted by the State, and it clearly appears from the record that the appellant had inadequate

representation at the trial and was thereby denied due process of law as guaranteed by the 14th Amendment to the Constitution of the United States and by Article 1, §13, of the Constitution of Indiana.

We have previously held that the guilt or innocence of an accused is not in question in determining whether an accused has had representation by adequate counsel. *Abraham* v. *State* (1950), 228 Ind. 179, 184, 91 N. E. 2d 358.

We have also repeatedly held that there can be no valid trial of a criminal case unless the defendant is adequately defended by competent counsel, and that a judgment rendered under such circumstances is void. *State* v. *Minton* (1955), 234 Ind. 578, 581, 130 N. E. 2d 226; *State* v. *Lindsey; State* v. *Carroll* (1952), 231 Ind. 126, 132, 106 N. E. 2d 230; *Wilson* v. *State* (1943), 222 Ind. 63, 79, 51 N. E. 2d 848; *Sanchez* v. *State* (1927), 199 Ind. 235, 246, 157 N. E. 1; *Castro* v. *State* (1925), 196 Ind. 385, 391, 147 N. E. 321; *Batchelor* v. *State* (1920), 189 Ind. 69; 125 N. E. 773. See also: 74 A. L. R. 2d 1384.

The judgment of the trial court is reversed, and cause remanded with instructions to sustain appellant's motion for a new trial.

Arterburn, C. J., Achor, Bobbitt and Landis, JJ., concur.

NOTE.—Reported in 185 N. E. 2d 729.