HAYDEN v. STATE OF INDIANA.

[No. 30,363. Filed June 12, 1964. Rehearing denied September 25, 1964.]

*Richard M. Orr,* and *Money, Orr, Bridwell & Fink,* of Indianapolis, for appellant.

*Edwin K. Steers,* Attorney General, and *Edgar S. Husted,* Deputy Attorney General, for appellee.

Achor, C. J.—The appellant, a 15 year old boy, a high school sophomore, was arraigned and pleaded not guilty to the indictment charging murder in the first degree and murder in the commission of a robbery, and the cause was submitted to trial by jury which found the appellant guilty of murder in the commission of a robbery.

Specifically the appellant was accused of a "purse-grab" robbery of an 82 year old white woman, who died as a result of the injuries suffered at the hands of her alleged attacker. After a pre-sentence investigation, judgment was entered against the appellant upon the verdict, sentencing him to life imprisonment. Thereafter, the appellant filed his motion for a new trial, which was overruled and this appeal followed.

The appellant assigns as error:

1. The overruling of appellant's motion for new trial.

2. The judgment was void, in that the appellant was denied his constitutional rights to due process and a fair trial, under Art. 1, §13, Indiana Constitution, for the following reasons:

a. He was represented by incompetent counsel.

b. A confession taken from him without due process of law was admitted in evidence, without proper objections.

As to the first assignment of error, the appellant stated that the court erred in refusing Instruction No. 12, which is as follows:

"You are instructed where an extra-judicial confession is given by the defendant, charged with the commission of a particular crime, before he can be found guilty thereof, it is essential that the existence of the Corpus Delicti be proven *beyond a reasonable doubt,* which cannot be done

by mere extra-judicial confession of the defendant." [Our emphasis.]

The corpus delicti need not be proved beyond ■ a reasonable doubt. The law upon this subject has been stated as follows:

"Generally, an extra-judicial confession will not be admitted in evidence and a conviction will not be upheld unless the corpus delicti is established by clear proof independent of the confession, . . . *Such independent corroborative evidence may be circumstantial,* and *need not of itself be full and conclusive or sufficient to establish the corpus delicti beyond a reasonable doubt, . . .*" [Our emphasis.] 8 I. L. E. §185, pp. 281-282. Also, see: *Holding* v. *State* (1963), 244 Ind. 75, 190 N. E. 2d 660; *Dunbar* v. *State* (1962), 242 Ind. 161, 177 N. E. 2d 452; *Markiton* v. *State* (1957), 236 Ind. 232, 139 N. E. 2d 440.

This court has stated the reason for this rule, as follows:

"The purpose of requiring the proof of the corpus delicti in a criminal case is none other than to corroborate a confession before it is admissible. . . .

"Proof of the corpus delicti should not be confused, as it sometimes is, with the recognized requirement in all cases that the state must ■ prove beyond a reasonable doubt all the material allegations as charged. . . . Proof of the corpus delicti sufficient to corroborate a confession and make it admissible does not relieve the state of the burden of proving the crime as charged beyond a reasonable doubt. . . ." *Brown* v. *State* (1958), 239 Ind. 184, 202, 203, 154 N. E. 2d 720.

Appellant's tendered Instruction No. 12 was properly refused.

Further, appellant alleges error in overruling specifications 15, 19 and 20 of the motion for new trial.

Specification 15:

"Error of Law occurring at the trial in that Court erred in overruling the defendant's Motion for a Directed Verdict of Not Guilty."

Specification 19:

"That the verdict of the Jury is contrary to law."

Specification 20:

"That the verdict of the Jury is not sustained by sufficient evidence.

It is here argued, as supporting each of the above grounds for new trial, that proof of the corpus delicti, which is necessary prior to the admission of the extra-judicial confession, was not sustained by sufficient evidence.

Since the charge involved is that of murder in the commission of a robbery, we therefore first examine the evidence, for the purpose of determining whether it is sufficient to sustain the corpus delicti as to both the alleged robbery and murder. Subsequently we will consider whether all of the evidence, including the extra-judicial confession, was sufficient to prove appellant guilty of the crime charged.

Decedent was a frail woman, 82 years of age. She was found lying inside the entrance to the apartment building where she lived in the 1300 block of North Delaware Street in the city of Indianapolis. Blood was flowing from her mouth, nose and ears. When found, her body had many marks of violence upon it. Evidence from police and medical authorities indicated that the

victim *could have* been assailed and pushed against the door of the apartment building, thus causing the injuries and marks of violence. The woman later died of these injuries.

Next we examine the evidence, independent of the confession, in support of the fact that the victim had been robbed. There is evidence that the victim had a purse which contained money and numerous items of personal effects on her person shortly before the alleged attack. The purse and items were not on her person when she was discovered. The personal effects, except the money, were discovered following the alleged attack in an alley near the apartment building where the deceased lived.

Under the above evidence, we are of the opinion that ordinary men might reasonably conclude that the deceased did not die of natural causes and that the injuries from which she died were inflicted in the course of a robbery. Such evidence was sufficient to establish the necessary corpus delicti in a robbery-murder charge. The cases of *Holding* v. *State*,[1] and *Brown* v. *State*,[2] *supra*, involved a similar factual situation.

---

1. ". . . It is not necessary that the corpus delicti be established beyond a reasonable doubt to make a confession admissible or to corroborate it. It may be shown by circumstantial evidence.

". . . [T]he proof of a dead body alone does not prove the corpus delicti in a homicide case, but an identified body with marks of violence thereon, or surrounding circumstances which would indicate that the deceased did not die from natural causes, establishes prima facie that a homicide has been committed or, in short, the corpus delicti. A confession thereupon becomes admissible." *Holding* v. *State* (1963), 244 Ind. 75, 190 N. E. 2d 660, at page 662.

2. "In the case before us there was evidence, independent of the confession, from which any reasonable person might conclude that a felonious homicide of an identified victim was committed. There was even additional inferential evidence of robbery from the finding of the victim's personal effects, . . ." *Brown* v. *State* (1958), 239 Ind. 184, 204, 154 N. E. 2d 720, 728.

In considering the sufficiency of the evidence to sustain the conviction, we take into consideration the fact that the jury had before it the above evidence. It also had appellant's confession that he had committed a "purse-grab" upon an elderly woman as she entered the apartment building shortly before the victim was found and that he committed the act by running into the victim from behind and simultaneously hitting her with his shoulder while grabbing the purse. He explained that he used this method on this and other "purse-grab" victims so that they would not see him before he grabbed their purse and he would be gone before they could recover and see who he was. A police officer testified that, in demonstrating his technique, appellant had hit him with his shoulder with such force as to knock him half way across the room.

Clearly the above evidence was sufficient that this court, as a court of appeal, may not disturb the finding of the trier of facts. *Echterling et ux.* v. *Kalvaitis et ux.* (1956), 235 Ind. 141, 126 N. E. 2d 573; *Walb Construction Co.* v. *Chipman* (1931), 202 Ind. 434, 175 N. E. 132.

As to the second assignment of error, the appellant asserts that his constitutional rights were violated as to due process and fair trial because of (a) incompetency of counsel, and as one of the evidences of such incompetency, appellant argues that counsel permitted (b) the admission of appellant's "illegal confession" without proper objections.

In considering the above issue, we are at the outset confronted by the fact that appellant did not raise the question of competency of counsel in the trial court, but presented the matter in the first instance on appeal to this court.

It is the general rule, under the established practice of this state, that all errors occurring prior to or during the trial, and relied upon as cause for reversal on appeal, must first be assigned as grounds in support of the motion for new trial. Rule 2-6.[3] *Brown* v. *State, supra,* 239 Ind. 184, 154 N. E. 2d 720; *Kraus* v. *Kraus, Executor, Etc. et al.* (1956), 235 Ind. 325, 132 N. E. 2d 608; *Indiana Union Traction Co.* v. *Keiter* (1911), 175 Ind. 268, 92 N. E. 982; *Northern Ind. Pub. Service Co.* v *Nielsen* (1952), 123 Ind. App. 199, 109 N. E. 2d 442.

Such errors may not ordinarily be presented for the first time in the assignment of errors on appeal to this court, although conceivably a possible exception to the rule might be made where the error appears as a matter of record and is of such a nature that this court can take judicial knowledge that such error being present, the appellant could not, under any circumstances, have had a fair trial. However, where the error asserted involves an issue of fact, it is imperative in the appellate process that the trier of facts be given an opportunity to consider and render a determination regarding such issues prior to appeal.

The facts of this case do not bring it within an exception to the rule, as above enunciated.

Appellant cites and relies upon the cases of *Blincoe* v. *State* (1962), 243 Ind. 387, 185 N. E. 2d 729, and *Wilson* v. *State* (1943), 222 Ind. 63, 51 N. E. 2d 848,

3. "In all cases in which a motion for a new trial is the appropriate procedure preliminary to an appeal, such motion shall be filed and shall separately specify as grounds therefor each error relied upon however and whenever arising up to the time of filing of such motion, and an assignment of error on appeal to the effect that the trial court erred in overruling said motion shall be the only means of raising said asserted errors on appeal. . . ." Rule 2-6 Supreme Court.

as supporting the propriety of presenting the issue for the first time on appeal as a separate assignment of error. However, the cases do not sustain this position. In *Blincoe* v. *State, supra,* the trial court reviewed the question of incompetency of counsel under appellant's motion for new trial, and the case of *Wilson* v. *State, supra,* was decided prior to the adoption of Rule 2-6 (1960), *supra.*

Under our procedure, it is the duty of trial counsel to file a motion for new trial, if, in his opinion, error was committed in the trial which may have been prejudicial to the cause of his client. However, it is obvious that trial counsel could not reasonably be expected to assert his own incompetency in a motion for new trial. Therefore, it is necessary that other procedure be made available by which this asserted error might be presented to the trial court prior to appeal. At the time this appeal was filed (on February 7, 1963), the error could have been presented to the trial court by proceedings in error coram nobis, which would have been in the nature of a belated motion for new trial. Rule 2-40. An adverse ruling of the trial court could then have been reviewed on petition for writ of certiorari. Rule 2-40A. Presently the pertinent procedure is governed by Rule 2-40, as amended September 11, 1963, which authorizes the filing of a belated motion for new trial. The purpose of a belated motion for new trial under the rule is to afford the trial court an opportunity to rule on and correct any alleged errors occurring in the trial court, before an appeal is permitted to this court.

This remedy is still available to appellant. Had appellant requested, this court would have entertained a petition for extension of time in which to perfect his appeal, in order that appellant might have pre-

sented the issue of incompetency of counsel to the trial court, and in event of an adverse decision consolidated both proceedings in a single appeal.

The issue as to the incompetency of counsel is not properly presented, but since the issue is dependent primarily upon the single question as to whether counsel was derelict in his duty to properly object to the admission of appellant's confessions, rather than impose upon the parties the burden of further litigation, and since this issue was presented in the briefs, we make this observation regarding the admissibility of said confessions.

Appellant asserts that the confessions were clearly not admissible under the recent decision of the United States Supreme Court, in the case of *Gallegos* v. *Colorado* (1962), 370 U. S. 49, 54, 55, 8 L. Ed. 2d 325, 329, 82 S. Ct. 1209, 87 A. L. R. 2d 614. In that case, as in this, a 14 year old youth was implicated in an assault and robbery of an 80 year old white man who later died. In that case, as distinguished from the case at bar, the youth was picked up by police, whereas, in the case at bar, the appellant was brought to police headquarters by his mother who had observed him wearing a diamond ring which he admitted having obtained in a "purse-grab." In the *Gallegos* case, *supra*, the youth was held for five days without seeing family, friends or legal counsel. The written confession was then drafted, and signed by the youth, whereas in the case at bar the appellant was held at police headquarters only one day before he signed his first written confession, and, before doing so, was advised of his constitutional rights, that he did not have to make a statement; that it might be used against him; that he could see an attorney; that he could have his mother and friends present; none

of which he requested. After he signed this written confession, he was transferred to the juvenile center. There he signed a "supplemental" confession a week later. Police officers testified that the confession was voluntary—without inducement or duress. During the trial appellant was asked:

"Q. Mr. Hayden, this is your voluntary statement, isn't it?
"A. I'd say half and half.
. . .
"Q. What do you mean by half and half?
"A. I'd say I was asked to sign it and I went on and signed it.
"Q. No one forced you to sign it?
"A. I wasn't forced."

Clearly appellant was not subject to any "secret inquisitional process." There was no physical or mental "brutality," nor was there any "callous disregard of defendant's rights," as mentioned in the cases cited and relied upon by the United States Supreme Court in the *Gallegos* case, *supra*.

The absence of counsel at the time a defendant signs a confession is not sufficient to make it inadmissible. *Britt* v. *State* (1961), 242 Ind. 548, 556, 180 N. E. 2d 235; *Kelley* v. *State* (1952), 231 Ind. 671, 678, 110 N. E. 2d 860; *Eiffe* v. *State* (1947), 226 Ind. 57, 63, 77 N. E. 2d 750.

For the reasons hereinabove stated, judgment affirmed.

Arterburn and Landis, JJ., concur. Jackson, J., concurs in result. Myers, J., not participating.

ON PETITION FOR REHEARING.

ACHOR, C. J.—Appellant asserts two grounds as cause for rehearing. They are:

1. That the conviction was not sustained by sufficient evidence.

2. That appellant did not have the benefit of counsel prior to the taking of his confession which was admitted in evidence.

The issue as to the sufficiency of the evidence was fully considered in the majority opinion and does not merit further consideration.

In support of his second contention appellant relies upon the recent decision of the U. S. Supreme Court in the case of *Escobedo* v. *Illinois* (1964), 378 U. S. 478, 84 S. Ct. 1758, 12 L. Ed. 2d 977, decided on June 22, this year. However, the facts in the Escobedo case and the case at bar are clearly distinguishable, and, therefore, that case is not controlling of the case at bar. In the Escobedo case the court held a confession taken from a defendant to be inadmissible for the reason that he had requested counsel before making his confession, which request was not only denied him but his attorney was forcibly restrained from conferring with him. In the present case the defendant was advised of his right to counsel at least two times but signed the incriminating statement without requesting such counsel. Thus, even under the ruling of the Escobedo case, *supra*, it must also be considered that appellant waived any right to counsel.

In contradiction of the fact of such waiver, appellant asserts that he cannot be charged with a waiver because of his "tender age." Under other circumstances, we might concur in appellant's contention, but here it is apparent from the facts in evidence that appellant was worldly wise far beyond the years of his "tender age."

We cannot say that the taking of appellant's confession without benefit of counsel in anywise deprived him of any constitutional right of due process or that the admission of his confession in evidence constituted an abuse of discretion.

Petition for rehearing is therefore denied.

Arterburn and Landis, JJ., concur. Jackson, J., concurs in the result. Myers, J., not participating.

NOTE.—Reported in 199 N. E. 2d 102. Rehearing denied 201 N. E. 2d 329.