Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



ATTORNEY FOR APPELLANT:

**TIMOTHY J. BURNS**
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**MICHELLE BUMGARNER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| STEVEN WINTERS, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A02-1307-CR-630 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Kimberly J. Brown, Judge
The Honorable Deborah J. Shook, Commissioner
Cause No. 49F07-1305-CM-29587

February 5, 2014

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BRADFORD, Judge**

**CASE SUMMARY**

On May 5, 2013, Appellant-Defendant Steven Winters was involved in a physical altercation with Jacob Lewis. During this altercation, Winters hit Lewis in the face. Appellee-Plaintiff the State of Indiana subsequently charged Winters with Class A misdemeanor battery. Following a bench trial, Winters was convicted of the lesser-included offense of Class B misdemeanor battery. Winters appeals his conviction, claiming that the evidence is insufficient to sustain his conviction. Concluding that the evidence is sufficient to sustain Winters's conviction, we affirm.

**FACTS AND PROCEDURAL HISTORY**

On May 5, 2013, Winters, an inmate at the Duvall Residential Center in Marion County became involved in an altercation with Lewis, another inmate. During the altercation, Winters hit Lewis in the face. Shortly after the altercation, correctional officer Paul Wells encountered Lewis. Lewis appeared frightened and upset. Lewis also had swelling and red marks on his face. Wells reported the incident to Police Officer Greg Moore. Upon arriving at the Duvall Residential Center, Officer Moore observed that Lewis had swelling and red marks on his face. Officer Moore spoke with Winters, who, after being read his *Miranda*[1] rights, admitted that he had hit Lewis in the face.

The State subsequently charged Winters with one count of Class A misdemeanor battery. The trial court conducted a bench trial on July 11, 2013. At the conclusion of trial, the trial court found Winters guilty of the lesser included offense of Class B misdemeanor

---

[1] *See Miranda v. Arizona*, 384 U.S. 436 (1966).

2

battery. The trial court sentenced Winters to 180 days in the Marion County Jail. The trial court gave Winters credit for time served and suspended the remainder of the sentence. This appeal follows.

## DISCUSSION AND DECISION

Winters contends that the evidence is insufficient to sustain his conviction for Class B misdemeanor battery.

> When reviewing the sufficiency of the evidence to support a conviction, appellate courts must consider only the probative evidence and reasonable inferences supporting the verdict. It is the fact-finder's role, not that of appellate courts, to assess witness credibility and weigh the evidence to determine whether it is sufficient to support a conviction. To preserve this structure, when appellate courts are confronted with conflicting evidence, they must consider it most favorably to the trial court's ruling. Appellate courts affirm the conviction unless no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt. It is therefore not necessary that the evidence overcome every reasonable hypothesis of innocence. The evidence is sufficient if an inference may reasonably be drawn from it to support the verdict.

*Drane v. State*, 867 N.E.2d 144, 146-47 (Ind. 2007) (citations, emphasis, and quotations omitted). "In essence, we assess only whether the verdict *could* be reached based on reasonable inferences that may be drawn from the evidence presented." *Baker v. State*, 968 N.E.2d 227, 229 (Ind. 2012) (emphasis in original). Upon review, appellate courts do not reweigh the evidence or assess the credibility of the witnesses. *Stewart v. State*, 768 N.E.2d 433, 435 (Ind. 2002).

Indiana Code section 35-42-2-1(b) provides that "a person who knowingly or intentionally: (1) touches another person in a rude, insolent, or angry manner … commits

3

battery, a Class B misdemeanor. "A person engages in conduct 'knowingly' if, when he engages in the conduct, he is aware of a high probability that he is doing so." Ind. Code § 35-41-2-2(b). "A person engages in conduct 'intentionally' if, when he engages in the conduct, it is his conscious objective to do so." Ind. Code § 35-41-2-2(a).

The record demonstrates that Winters told Officer Moore that there was "a little altercation between him and [Lewis] … and he … hit [Lewis]." Tr. p. 29. In challenging his conviction, Winters claims that the evidence is insufficient to sustain his conviction because, under the corpus delicti rule, a crime may not be proven based solely on a defendant's confession.

> In Indiana, a crime may not be proven based solely on a confession, *Sweeney v. State*, 704 N.E.2d 86, 111 (Ind. 1998), and admission of a confession requires some independent evidence of the crime including evidence of the specific kind of injury and evidence that the injury was caused by criminal conduct. *Stevens v. State*, 691 N.E.2d 412, 424-25 (Ind. 1997). However, this evidence need not prove that a crime was committed beyond a reasonable doubt, but merely "provide an inference that a crime was committed." *Id*. at 425 (citing *Johnson v. State*, 653 N.E.2d 478, 480 (Ind. 1995)). Finally, this inference of a crime may be established by circumstantial evidence. *See Sweeney*, 704 N.E.2d at 112.

*Workman v. State*, 716 N.E.2d 445, 447-48 (Ind. 1999).

In the instant matter, Winters's conviction is supported by both his confession and other circumstantial evidence of the alleged battery. In addition to Officer Moore's testimony that Winters admitted that he hit Lewis in the face, both Officer Moore and Wells testified that they observed that Lewis's face was red and swollen shortly after the battery was alleged to have occurred. The red and swollen marks on Lewis's face are sufficient to

create an inference that Lewis was the victim of a battery, *i.e.*, that he had been struck in the face. This inference coupled with Winters's admission that he hit Lewis in the face is sufficient to sustain Winters's conviction. *See Workman*, 716 N.E.2d at 447-48 (providing that the additional evidence need not prove that a crime was committed beyond a reasonable doubt, but merely support an inference that a crime was committed). Accordingly, we affirm the judgment of the trial court.

The judgment of the trial court is affirmed.

MATHIAS, J., and PYLE, J., concur.