By the Court.
 

 Wagner was indicted, tried, and convicted of forgery and of uttering a forged instrument. The two counts in the indictment were based on the same instrument — a promissory note for $200. The Court of Appeals affirmed the judgment of conviction. Wagner prosecutes error in this court.
 

 Several grounds of error are assigned. We are unable to sustain any, save one. Wagner testified in his own defense, and in his cross-examination counsel for the state was permitted, over the objection and exception of Wagner, to ask him if he had not been indicted for other acts of forgery and of obtaining money by false pretenses. He admitted that he had been. He was at no time asked by counsel for the state whether he had
 
 *137
 
 ever been convicted on any of these other in-' dictments.
 

 It is evident that the state had no information concerning any such convictions. Manifestly these questions were asked for the sole purpose of discrediting Wagner before the jury. Questions of this kind are often permitted on cross-examination as being preliminary to the later showing that in fact the indictments inquired about resulted in convictions. When the state has no such further evidence, or produces none, then questions of this character become incompetent for any purpose, and, when counsel for the state knows that no convictions attended the indictments inquired about, then this line of cross-examination is wholly unfair, and is highly prejudicial to the accused.
 

 If the fact that the accused has been indicted at other times and for other crimes is to discredit him with the trial jury, then counsel for the state should be allowed to argue to the jury that the accused is so discredited by the very indictment under which he is on trial; in other words, that he enters the trial not presumed to be innocent, but seriously discredited by reason of the fact that he has been indicted. No prosecutor would be permitted in any court to make any such argument.
 

 There is another feature of this class of cross-examination worthy of mention, and which further manifests its unfairness; that is, the so-called preliminary questions about having been indicted are as unnecessary as they are improper in most cases. If the state believes that convictions have been had for the other crimes, then the party
 
 *138
 
 being cross-examined should be asked the direct question whether he has been convicted of the other crimes. The accused may be able to answer that question truthfully that he has not, and yet at the same time it may be that he has been indicted.
 

 ■ The state claims that the accused cannot now urge this error, for the reason that he failed to move the court to withdraw this part of the cross-examination from the jury. Everything that could be done was done by his counsel to keep this evidence out of the case. It was not competent for any purpose at any time, and under such circumstances, a majority of this court are of opinion that the error is available to the accused without a motion to withdraw the evidence from the jury.
 

 : For the reasons stated, the judgment of conviction will be reversed and the case remanded to the court of common pleas for further proceeding according to law.
 

 Judgment reversed, and cause remanded.
 

 Marshall, C. J., Jones, Matthias, Day, Allen, Kinkade and Robinson, JJ., concur.