### JACKSON v. STATE.

Ohio Appeals, 1st Dist., Hamilton Co.

No. 3188. Decided Jan. 23, 1928.

**First Publication of this Opinion.**

Syllabus by Editorial Staff.

**480. EVIDENCE—620. Impeachment.**

Evidence introduced for purpose of impeaching witness, tending to show that witness is wanted for crime alleged to have been committed in another state, without introduction of any evidence of indictment or affidavit, or of conviction, not admissible.

Error to Common Pleas.

Judgment reversed.

Dudley M. Outcalt, Cincinnati, for Jackson.
Chas. P. Taft, Pros. Atty. and Raymond J. Kunkel, Asst. Pros. Atty., Cincinnati, for State.

#### STATEMENT OF FACTS.

The grand jury of Hamilton County returned an indictment against Charles Jackson, charging murder in the second degree.

At the trial, he was found guilty of manslaughter, and this action is prosecuted to reverse the judgment entered on the verdict.

The record discloses that counsel for the state attempted to impeach or discredit Jackson as a witness, and, for that purpose asked him the following questions:

"Q. I will ask you whether or not, as a matter of fact, you didn't murder one Dial Allen at New Castle, Pa., and you are a fugitive from justice from that place?"

(Objected to by counsel for defendant, objection overruled, and counsel for defendant excepted.)

"A. No sir.

"Q. You are not?

"A. No sir.

"Q. Were you not going under the name of Eugene Anderson at that time?

"A. No sir.

"Q. Is that your picture? (Showing witness picture.)

"A. Yes sir.

"Q. You are sure that on April 28, 1925, that you didn't kill one Dial Allen, at New Castle, Pa.?

"A. No sir.

"Q. I will ask you if you didn't admit that to a lieutenant of police of the B. & O. Rd?

"A. No sir."

In rebuttal, the State called Fred W. Bierman as a witness, and, after qualifying him as a lieutenant of police of the Baltimore & Ohio Rd., and his acquaintance with Charles Jackson, he was asked:

"Q. I want to know whether he is wanted in New Castle, Pa., for murder?"

(Objected to by counsel for defendant. Objection overruled and counsel for defendant excepted.)

"A. Yes sir.

"Q. Do you know the degree of murder that he is wanted for there?

"A. No, I couldn't say."

After some further questions about a man from New Castle, Pa., coming to Cincinnati, the Court said: "I think that ought to be eliminated. The fact that he is a fugitive from justice is in evidence. The jury may consider that this officer has been looking for the defendant for a crime supposed to have been committed in New Castle, and that is as far as it may go."

At the conclusion of the charge, the court said: "As I understand, there is evidence offered tending to show that he is a fugitive from justice. That was introduced for the purpose of affecting his credibility as a witness and for that purpose, only * * *."

#### OPINION OF COURT.

The following is taken, verbatim, from the opinion.

CUSHING, J.

The State failed to introduce any evidence of an indictment or affidavit, or of a conviction. The evidence introduced, under the ruling of the Supreme Court, was prejudicial. In passing on similar questions, the Court said: "When the State has no such further evidence, or produces none, then questions of this character become incompetent for any purpose, and, when counsel for the State knows that no convictions attended the indictments inquired about, then this line of cross-examination is wholly unfair, and is highly prejudicial to the accused." Wagner v. State, 115 OS. 136.

Counsel for the State, in introducing the evidence referred to, and the trial court, in making the statements it did, assumed and stated, in the presence of the jury, that Jackson was a fugitive from justice.

For errors in the admission of testimony, and the statement of the Court in the presence of the jury, and for error in the charge of Court, as herein pointed out, the judgment of the Court of Common Pleas of Hamilton County will be reversed, and the cause remanded for proceedings according to law.

(Hamilton, PJ. and Mills, J., concur.)