MICHALEK v. STATE.

Ohio Appeals, 6th Dist., Lucas Co.

No. 2053. Decided June 18, 1928.

225. CHARGE OF COURT—333. Criminal Law—61. Alibi.

Charge that proof on subject of alibi must

cover entire time in question, making it definite and impossible for defendant to have been at scene of crime at time alleged, held prejudicial error.

Error to Common Pleas.

Judgment reversed.

Hackett & Lynch and A. C. Czelusta, Toledo, for Michalek.

Leroy W. Hunt, Pros. Atty., and Cecil Stickney, Toledo, for State.

WILLIAMS, J.

The defendant below, Michael Michalak, who is the plaintiff in error here, was indicted on a charge of burglary and larceny, and on trial of the cause was found guilty of larceny, the value of the property stolen being fixed at $4,811.40. He was sentenced to a term in the penitentiary, the minimum period being fixed at four years. After the overruling of a motion for a new trial, he brought this proceeding in error.

The court charged the jury as follows:

"But this jury must understand and bear in mind on the subject of this alibi that the proof thereof must cover the entire time in question. that is to make it definite and impossible for the defendant to have been at the scene of the crime at the time it is alleged to have occurred."

The giving of this charge was error prejudicial to the plaintiff in error. State v. Norman, 103 Ohio St., 541; Stevens v. State, 26 Ohio App., 49, Ohio Law Bulletin & Reporter of February 27, 1928.

We call attention to the fact that the trial court, in violation of the rule laid down in Wagner v. State, 115 Ohio St., 136, required the defendant below to answer, over the objection and exception of his counsel, an inquiry as to whether or not he had been arrested on a charge of stealing mortgaged property, no proof being offered during the trial tending to show that the defendant had been convicted of such offense after arrest.

For the prejudicial error above referred to, the cause is reversed and remanded for a new trial.

(Richards and Lloyd, JJ., concur.)