The sole question presented by the record in this case is whether the conduct of counsel for the state in introducing the evidence above referred to, in view of its subsequent exclusion by the trial court, constituted such prejudicial error as to warrant a reversal of the conviction of the defendant. *Page 192 
The Court of Appeals, in its reversal, relied upon its interpretation of the pronouncement of this court in the case of Wagner v. State, 115 Ohio St. 136, 152 N.E. 28, wherein a judgment of conviction was reversed because counsel for the state asked the defendant on cross-examination whether he had theretofore been indicted for other acts of forgery and for obtaining money under false pretenses, in answering which the defendant was obliged to admit that he had been so indicted. This court held in that case that this was error and that such interrogation could go only as to whether he had been convicted
of such offenses.
Of course, counsel for the state was not warranted in asking the questions above referred to, and the court should have sustained the defendant's objection. There was no follow-up testimony on the part of the state to substantiate the imputations cast upon the defendant on the witness stand, and the trial court, before submitting the case to the jury, carefully instructed it as follows:
"The court permitted in the testimony yesterday, some questions to be asked by the prosecuting attorney with reference to other offenses, whether or not other offenses were committed by this defendant. The court considered at that time those questions to be proper, and, under certain considerations of law, were proper. The answers to those questions were in the negative, that is, that the defendant did not commit the crimes asked in the questions by the prosecutor. No further testimony was then offered upon these questions. The court instructs you, therefore, that you will not consider those questions in your deliberation upon the case, and that you will not draw any inferences against the defendant by reason of those questions having been asked."
It will be noted that in the Wagner case the defendant had been obliged to discredit himself before the *Page 193 
jury by admitting that he had been indicted for certain crimes, whereas in the instant case the defendant denied the imputations contained in the questions of counsel for the state, and, so far as the record goes, there is no evidence in support of those matters reflecting upon the character or conduct of the defendant. The only question before this court is whether the conduct of counsel for the state in putting these questions to the defendant was so prejudicial as to require a reversal of the judgment. In this connection, we have had in effect in this state since July 22, 1929, Section 13449-5, General Code, the pertinent portions of which are as follows:
"* * * nor shall any judgment of conviction be reversed in any court * * * for admission * * * of any evidence offered against * * * the accused unless it affirmatively appears on the record that the accused was or may have been prejudiced thereby."
The opinion of the Court of Appeals, after a complete recital of facts, says:
"We do not have the slightest difficulty in determining that the evidence was ample to support the conviction establishing the guilt of the defendant beyond a reasonable doubt and hence the first assignment of error that the verdict was against the manifest weight of the evidence is overruled * * *. Being convinced as we are, that the defendant was proven guilty, we hesitate to grant a new trial and we have sought in every way possible to find ways and means to obviate it."
Although this court is not required to pass upon the weight of the evidence presented by the record in this case, yet from a review of the evidence we are of the opinion that the Court of Appeals was justified in its observation as above quoted and that the jury had ample justification in rendering a verdict of guilty, entirely aside from the objectionable evidence which is *Page 194 
now the subject of consideration.
Under the circumstances shown by the record, this court cannot find affirmatively, as required by the statute, that the defendant was prejudiced by the error, occurring at the trial and now complained of by him, in view of the caution and direction given to the jury by the trial judge concerning the evidence in question.
In passing it should be understood that this court is not condoning the action of counsel for the state in making the inquiries of the defendant, and in this connection it is proper to say that under slightly different circumstances such conduct might warrant a reversal of a conviction.
The judgment of the Court of Appeals is reversed and that of the Common Pleas Court is affirmed.
Judgment reversed.
WEYGANDT, C.J., MATTHIAS, ZIMMERMAN, BELL and TURNER, JJ., concur.
WILLIAMS, J., concurs on authority of the fourth paragraph of the syllabus in Wroe v. State, 20 Ohio St. 460. *Page 195