**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Melvin Eugene YARBROUGH,**
**Defendant-Appellant.**

**No. 16146.**

United States Court of Appeals
Sixth Circuit.

Nov. 9, 1965.

G. Wynn Smith, Jr., Memphis, Tenn., for appellant, Canada, Russell & Turner, Memphis, Tenn., of counsel.

William A. McTighe, Jr., Asst. U. S. Atty., Memphis, Tenn., for appellee, Thomas L. Robinson, U. S. Atty., Memphis, Tenn., Herbert J. Miller, Jr., Asst. Atty. Gen., Dept. of Justice, Washington, D. C., on the brief.

Before WEICK, Chief Judge, and MILLER * and EDWARDS, Circuit Judges.

WEICK, Chief Judge.

Appellant Yarbrough appealed from a judgment of conviction rendered in the United States District Court for the Western District of Tennessee, on a jury verdict of guilty on a one-count indictment charging him with kidnapping in violation of the so-called Lindbergh Kidnapping Act, 18 U.S.C. § 1201(a). Appellant, fleeing the state because he had embezzled money from a filling station where he had worked, secreted himself on the back floor of the Prosecutrix's unlocked automobile which was parked in a store parking lot while she was making a purchase. Upon her return to the car and after she had driven down the road, appellant made known his presence and was alleged to have compelled the Prosecutrix to drive him out of the city. (Appellant testified that he asked her to drive him and she did not refuse.) They stopped at a traffic light in Mississippi and the Prosecutrix jumped out of the car and ran away. She was unharmed.

The only error complained of relates to the cross-examination of the Appellant who took the witness stand in his own behalf. He admitted on direct examination that he was convicted in 1958 in a Mississippi state court of burglary and larceny and that in 1961 he was convicted in a Tennessee state court of an attempt to commit a felony, for which he was sentenced to one to five years in the state prison. On cross-examination the Government's attorney asked appellant twice about his 1958 conviction. The at-

* Judge Miller did not participate in the decision of this case.

torney further inquired if appellant was convicted in 1961 in Tennessee of attempted rape and given one to five years. The appellant answered "No". Counsel for appellant made the statement, "No he wasn't," and the Government's attorney replied, "Yes he was." Following a colloquy between the Court, the Government's attorney and appellant's attorney, the Government's attorney asked appellant:

"Mr. Yarbrough, you were indicted for attempted rape, weren't you?"

The Court overruled the objection of appellant's attorney and appellant answered that he had been indicted for attempt to ravish. Thereafter the Government's attorney asked appellant if he had been convicted of attempt to ravish, to which appellant answered that he was convicted of an attempt to commit a felony and sentenced to one to five years.

█ Appellant argued that his prior testimony on direct examination admitting his prior convictions, was conclusive on the Government's attorney unless impeached by the record of his convictions showing convictions other than those admitted by appellant. This is the rule where the prior convictions are brought out on cross-examination of a defendant and we see no reason for not applying it where the inquiry was repeated on cross-examination.

█ The questioner is bound by the answer unless the record of conviction is produced to refute the answer of the defendant. Williams v. United States, 3 F.2d 129 (8th Cir. 1924). The Government's argument was that when a defendant admits a conviction of *a felony* on direct examination, the nature of the felony may be brought out on cross-examination. The Government relied on Arnold v. United States, 94 F.2d 499 (10th Cir. 1938) as its only authority. In Arnold a witness for the Government was merely asked on direct examination if he was convicted of "a felony", and it was held to be error not to permit

cross-examination by defendant's counsel as to what specific felony the witness was convicted of. Here the appellant admitted conviction of a specific offense under the Tennessee Criminal Code, namely, attempt to commit a felony. T. C.A. § 39–603.

█ There is more on which to reverse this conviction. Although it is well settled that the defendant, when he takes the stand in his own behalf, may be cross-examined as to prior convictions to affect his credibility as a witness, such examination should not be conducted in a manner to prejudice him in the eyes of the jury. Guilt must be found for the crime charged, not because of past crimes. Thus it has been held that an inquiry into a conviction, where the prosecution knew or should have known that there was no such conviction, was prejudicial error. Pearson v. United States, 192 F.2d 681 (6th Cir. 1951). In addition, it is well established in federal courts that it is reversible error to permit inquiry into defendant's prior indictments which did not result in convictions. An indictment has no probative value. Only a conviction for a felony may be asked about to impeach a defendant's credibility. E. g., United States v. Pennix, 313 F.2d 524 (4th Cir. 1963); United States v. C. L. Guild Const. Co., 193 F.Supp. 268 (D.R.I. 1961); 58 Am.Jur. § 755. Here the question permitted by the Court as to whether appellant was indicted for attempt to ravish, was prejudicial error because appellant had not been convicted of that offense.

The Government did not offer in evidence the record of conviction in 1961 although it had subpoenaed the record, so we have only appellant's uncontradicted testimony that the conviction was for an attempt to commit a felony and not an attempt to rape or ravish.

For prejudicial error in connection with the cross-examination of appellant as before related, the judgment of conviction is vacated and the cause is remanded for a new trial.