**Art BALLARD, Petitioner-Appellant,**

v.

**James F. HOWARD, Superintendent Kentucky State Reformatory, Respondent-Appellee.**

**No. 18527.**

United States Court of Appeals
Sixth Circuit.

Nov. 13, 1968.

John W. Core, Lexington, Ky., for appellant, Julius Rather, Lexington, Ky., on the brief.

H. N. McTyeire, Asst. Atty. Gen., Frankfort, Ky., for appellee, John B. Breckinridge, Atty. Gen., Frankfort, Ky., on the brief.

Before WEICK, Chief Judge, and PHILLIPS and EDWARDS, Circuit Judges.

PER CURIAM.

The principal claim made by appellant is that he was denied a right to appeal from his conviction in the state court on an indictment charging him with rape of his 15 year-old daughter. He was sentenced to ten years' imprisonment.

■ Appellant was represented by court appointed counsel in the state court. No appeal was prosecuted from his conviction, but there is no evidence that petitioner was prevented from appealing.

■ Appellant contends that the evidence was insufficient to support his conviction. This argument would have been proper in a direct appeal but not in a collateral proceeding.

Had a direct appeal been taken, the petitioner could have attacked his conviction on the ground that it was supported only by the uncorroborated testimony of his 15 year-old daughter, whose testimony was disputed by petitioner, and whose testimony was disputed also by his 12 year-old daughter, who was present in the bedroom where the alleged rape took place. The petitioner testified that he was intoxicated. His 15 year-old daughter gave conflicting testimony with respect to the intoxication of her father.

■ Upon examination of the record, we do not find a violation of petitioner's constitutional rights.

■ Attached to appellant's appendix are copies of two letters. One is from the Prosecuting Attorney, addressed to the Kentucky Parole Board, stating:

"The evidence is somewhat weak as his daughter, the prosecuting witness, was the only witness for the Commonwealth."

He recommended parole.

The second letter is from the 25 year-old boy friend of the 15 year-old daughter, addressed "To whom it may concern", in which he stated that he was "going with" her at the time she accused her father of raping her, and that he heard her admit that she lied about her father.

These are serious matters that we have no jurisdiction to consider but which should be brought to the attention of the Kentucky courts or the Governor of the Commonwealth.

Affirmed.