Clyde JONES, Petitioner,

v.

E. B. HASKINS et al., Respondent.

Civ. A. No. 71–82.

United States District Court,
S. D. Ohio, E. D.

Aug. 13, 1971.

Clyde Jones, pro se.

William J. Brown, Atty. Gen. of Ohio, Leo J. Conway, Asst. Atty. Gen., for respondents.

## OPINION AND ORDER

KINNEARY District Judge.

Petitioner, a state prisoner, brings this action for a writ of habeas corpus under the provisions of Title 28, United States Code, Section 2241(c) (3). This matter is before the Court on the petition, re-

turn of writ, petitioner's memorandum in opposition to the return of writ, exhibits and briefs of the parties, and the bill of exceptions in State v. Clyde Jones, No. 19944 (Butler County Common Pleas Court, July 11, 12, 1967).

Petitioner was indicted on May 8, 1967, by the Butler County Grand Jury for the offense of statutory rape in violation of Section 2905.031, Ohio Revised Code. He pleaded not guilty to the charge and was tried to a jury on July 11, 12, 1967. The jury returned a verdict of guilty and petitioner was sentenced to imprisonment in the Ohio State Penitentiary for a term of five to twenty years.

Petitioner appealed his conviction to the First District Court of Appeals, which affirmed the judgment of conviction. The Ohio Supreme Court dismissed a motion for leave to appeal on the ground that no substantial constitutional question was raised. Respondent admits petitioner has exhausted his available state court remedies as required by 28 U.S.C., Section 2254(b), (c).

Petitioner alleges that he is in custody in violation of the United States Constitution in that:

1. There were defects in the arrest procedure.

2. The indictment was defective.

3. The verdict was against the weight of the evidence.

4. Evidence pertaining to his prior conviction for a criminal offense was placed before the jury before he testified in his own behalf.

5. Extrajudicial hearsay declarations of Mrs. Edna Thompson which incriminated petitioner were introduced in evidence for the truth of the matter stated.

6. The prosecutor made repeated prejudicial references to a previous indictment for assault with intent to rape, a crime for which he was not convicted.

An evidentiary hearing is not required, because the trial transcript contains a full and fair statement of the facts supporting the petition. *See* 28 U.S.C. § 2254(d). Each of petitioner's claims for relief will be considered below.

### I

The alleged defects in the arrest procedures did not deprive petitioner of any of his constitutional rights. Defects in arrest procedures standing alone are not grounds for relief in habeas corpus. Fernandez v. Klinger, 346 F.2d 210 (9th Cir. 1965), cert. denied, 382 U.S. 895, 86 S.Ct. 191, 15 L.Ed.2d 152 (1965); Moore v. Cardwell, No. 20,037 (6th Cir. February 12, 1970).

### II

The indictment, on its face, clearly charges the offense of statutory rape in violation of Section 2905.031, Ohio Revised Code. Moreover, questions concerning the sufficiency of the indictment may not be raised in habeas corpus. Knewel v. Egan, 268 U.S. 442, 446, 45 S.Ct. 522, 69 L.Ed. 1036 (1925); Love v. Perini, 418 F.2d 905 (6th Cir. 1970); Via v. Perini, 415 F.2d 1052 (6th Cir. 1969); United States ex rel. Tangredi v. Wallack, 343 F.2d 752 (2d Cir. 1965); Kimbro v. Bomar, 333 F.2d 755 (6th Cir. 1965); *see also,* Larch v. Sacks, 290 F.2d 548 (6th Cir. 1961).

### III

Arguments based on the sufficiency of the evidence to support a judgment of conviction are not cognizable in habeas corpus. Ballard v. Howard, 403 F.2d 653 (6th Cir. 1968); Fernandez v. Klinger, *supra;* Edmondson v. Warden, 335 F.2d 608 (4th Cir. 1964); Schlette v. California, 284 F.2d 827 (9th Cir. 1960), cert. denied, 366 U.S. 940, 81 S.Ct. 1664, 6 L.Ed.2d 852 (1961).

### IV

Petitioner's fourth, fifth and sixth allegations of error will be considered together because they raise similar constitutional questions. The events at trial which relate to these claims are set out below:

FOURTH ALLEGATION: Two references were made to petitioner's prior con-

viction of a criminal offense at a stage in the trial when neither his character nor his credibility as a witness were in issue. First, on direct examination, Mrs. Lora Fussner, the mother of Deborah Faye McClain, the alleged victim of a rape, testified to the substance of hearsay declarations allegedly made by Mrs. Edna Thompson which declarations included a reference to petitioner's prior criminal record. (Tr. 39).

Second, while cross-examining Mrs. Edna Thompson, the prosecutor asked the following questions:

Q. Do you know he [petitioner] was in prison?

A. Yes sir.

Q. Do you know what he was in prison for?

A. Yes sir, malicious entry as far as I know.

Q. Do you know the circumstances of that case?

A. No sir, I didn't question him about it. He told me he served time.

Q. Did he tell you that was the only time he served time?

A. Yes sir.

(Discussion at bench)

Tr. 65–66

The record does not disclose any specific objection to these two references to petitioner's prior criminal record.

FIFTH ALLEGATION: Mrs. Lora Fussner testified on direct examination, over the objection of defense counsel, to the following conversation:

. . . Mrs. Thompson said we have something to tell you, you had better get up and I got up and we went into the living room. I said what's happened, I knew they were home earlier than usual and Mrs. Thompson said tell her Debbie and Debbie said Clyde raped me and I said he what and she said he raped me. Mrs. Thompson said he didn't go all the way did he Debbie and Debbie said I don't know. Edna said please don't do anything about it, they will send him back to prison and she was crying and I said

Debbie what did he do to you, tell me exactly what happened did he put his thing into you and she said yes and she started to cry and Edna said I will make him come over and tell you and I said what if it was your daughter what would you do, you have one almost her age and she said I would make him face up to it and come over here and face you and she said what are you going to do and I said I am going to take her to a doctor and she said I will pay for it, I will pay anything, just don't send him back to prison, don't do anything about it. I said I have to I have to know, I have to take her to a doctor to find out what happened. She said I will go and get Clyde and bring him over and she left. I called the police right away and they came and took us back to Sharonville and then we retraced it and then Debbie remembered going to the United Dairy Farmers in Sharonville and she retraced it all the way there and she remembered the different spots they had stopped and the way they had taken and the places they had parked and we went on out to where it had happened and then they called the Butler County Sheriff because it was in Butler County and they picked up us and they took us to Mercy Hospital and got a doctor in for her. Tr. 39–40.

Mrs. Edna Thompson later appeared as a defense witness, corroborating petitioner's alibi that he was at the Manor Inn at the time of the alleged rape. She denied making the statements Mrs. Fussner attributed to her which incriminated the petitioner.

SIXTH ALLEGATION: The petitioner testified on his own behalf. The prosecutor asked the following questions in the course of his cross-examination of petitioner:

Q. Going back to November of 1966 when you say you first met Mrs. Thompson, you were just out of prison one month?

A. Yes.

Q. On parole?

A. Yes.

Q. You are still on parole right now?

A. Yes.

Q. What offense were you indicted for?

Mr. Cherney: I object to this. (Conference at Bench)

By the Court: Members of the Jury we are going to take a short recess at this time and once again we ask you not to discuss this case, allow no one to discuss it with you and above all form no opinion about the case until it is finally submitted to you.

Court recessed: 3:25

Court reconvened: 3:50

By the Court: At this time the objection will be overruled. You may answer.

A. Malicious entry.

Q. Isn't it a fact the indictment was for assault with intent to commit rape?

A. My lawyer had it reduced to malicious entry, and I got probation.

Q. Wasn't the original charge on the indictment assault with intent to commit rape?

Mr. Cherney: Objection.

By the Court: Sustained.

Q. Let me ask you this question. What place did you enter?

A. The girl I was staying with.

Q. It was at her home?

A. I had a key to the apartment.

Q. So you were charged with malicious entry?

A. She had me arrested and dropped the charges.

By the Court: Members of the Jury we have permitted you to hear this evidence but only for the purpose of determining the credibility of this witness and for no other purpose. It must not be considered for any other purpose.

Q. Have you ever been convicted of any State or Federal offenses?

A. No sir not that I know of.

Tr. 76–78.

Petitioner alleges that in each of the above instances the trial court erred in permitting the evidence to be admitted into the record. He further argues that he was so prejudiced by the admission of the evidence that he should be released from the custody of the respondent.

Federal habeas corpus exists to vindicate rights arising under the Constitution, laws and treaties of the United States. See 28 U.S.C. § 2241(c) (3). Errors in the admission of evidence committed by a state trial court, which do not violate specific constitutional guarantees are not cognizable in habeas corpus. See Reese v. Cardwell, 410 F.2d 1125 (6th Cir. 1969); Scalf v. Bennett, 408 F.2d 325 (8th Cir. 1969), cert. denied, 396 U.S. 887, 90 S.Ct. 175, 24 L.Ed.2d 161 (1969); Crisafi v. Oliver, 396 F.2d 293 (9th Cir. 1968), cert. denied, 393 U.S. 889, 89 S.Ct. 208, 21 L.Ed.2d 167 (1968); Durham v. Haynes, 368 F.2d 989 (8th Cir. 1966); Trujillo v. Tinsley, 333 F.2d 185 (10th Cir. 1964); see also, Ballard v. Howard, 403 F.2d 653 (6th Cir. 1968); Fernandez v. Klinger, 346 F.2d 210 (9th Cir. 1965), cert. denied, 382 U.S. 895, 86 S.Ct. 191, 15 L.Ed.2d 152 (1965); Edmondson v. Warden, 335 F.2d 608 (4th Cir. 1964); Schlette v. California, supra.

The question presented for decision is whether the admission into evidence of the above testimony, or any part of it, was so highly prejudicial as to deprive petitioner of his right to a fair trial as guaranteed by the Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States.

An analogous issue was presented for decision to the United States Supreme Court in Spencer v. Texas, 385 U.S. 554, 87 S.Ct. 648, 17 L.Ed.2d 606 (1967). The Texas courts permitted the introduction into evidence of prior felony convictions in the simultaneous trial of a defendant for both a substantive offense and the offense of recidivism. The trial court instructed the jury that they could consider the evidence of prior conviction with re-

spect to the recidivism charge only, and that they must disregard the prior convictions with respect to the substantive offense.

In *Spencer*, the United States Supreme Court first reaffirmed the constitutionality of recidivist statutes. It then noted the grave potentiality for prejudice inherent in admitting into evidence the prior convictions of a defendant. However, the Supreme Court recognized the long standing practice of admitting the prior criminal record of a defendant into evidence for certain purposes with appropriate limiting instructions on the theory that the possibility of prejudice is outweighed by the state's valid interest in introducing the evidence into the record. *Id.* 560–561, 87 S.Ct. 648.

■ The Court then discussed the role of federal courts in the review of state court convictions:

> To say the United States Constitution is infringed simply because this type of evidence may be prejudicial and limiting instructions inadequate to vitiate prejudicial effects, would make inroads into this entire complex code of state criminal evidentiary law, and would threaten other large areas of trial jurisprudence.
>
> . . . . . .
>
> [Due process guarantees] the fundamental elements of fairness in a criminal trial. [Citations omitted.] But it has never been thought that such cases establish this Court as a rule-making organ for the promulgation of State rules of criminal procedure. In the face of the legitimate state purpose and the long standing and widespread use that attend the procedure under attack here, we find it impossible to say that because of the possibility of some collateral prejudice the Texas procedure is rendered

unconstitutional under the Due Process Clause. *Id.* at 563–564, 87 S.Ct. at 653. Finally, the Court made a distinction between specific claims of constitutional deprivation and of generalized claims of unfairness:

> In the procedures before us, in contrast [with those in Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908], no specific federal right—such as that dealing with confessions—is involved; reliance is placed solely on a general "fairness" approach. In this area the Court has always moved with caution before striking down state procedures. Id. at 565, 87 S.Ct. at 654.[1]

The holding in *Spencer* is, essentially, that when there is (1) a legitimate state purpose buttressing a rule of evidence and (2) a long-standing and widespread reliance upon the rule a federal court may not hold that reliance upon the rule in a particular case is unconstitutional, unless the practice violates a specific constitutional provision. *Cf.* Burgett v. Texas, 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319 (1967).

In the instant case, unlike Spencer, the Court is presented with the anomolous situation wherein, even though the judgment of conviction was affirmed by the state court of appeals and review was denied by the Ohio Supreme Court, the evidence petitioner asserts denied him the right to a fair trial was inadmissible under existing state law, but there was no specific constitutional provision violated by the admission of the evidence.

The applicable state and constitutional law will be discussed with respect to each allegation of error.

■ With Respect to the Fourth Allegation of Error: The prosecutor elicited testimony regarding petitioner's prior conviction *before* he took the witness stand and put his credibility in issue.

---

1. See also, Burgett v. Texas, 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319 (1967) which, although reaching a different result, reaffirmed this general proposition: We do not sit as a court of criminal appeals to review state cases. The States are free to provide such procedures as they choose, including rules of evidence, provided that none infringes a guarantee in the Federal Constitution. Id. at 113–114, 88 S.Ct. at 261.

The evidence of prior conviction was admitted by the trial court for the limited purpose of impeaching petitioner's credibility. There is no indication in the record that it was admitted for any other purpose, nor is there any other theory under which it would have been admissible.

Respondent suggests that the evidence of prior conviction was admissible under the provisions of § 2945.59, Ohio Revised Code, which provides that:

> In any criminal case in which the defendant's motive or intent, the absence of mistake or accident on his part, or the defendant's scheme, plan, or system in doing an act is material, any acts of the defendant which tend to show his motive or intent, the absence of mistake or accident on his part, or the defendant's scheme, plan, or system in doing the act in question may be proved, whether they are contemporaneous with or prior or subsequent thereto, notwithstanding that such proof may show or tend to show the commission of another crime.

■■■ Both Mrs. Thompson and the petitioner testified that he had previously been convicted for the crime of malicious entry. The prosecutor did not contend otherwise. He offered no proof petitioner was convicted of a crime similar to that of statutory rape, such as assault with intent to commit rape, which would be admissible under the similar acts statute. Moreover, petitioner's fourth allegation does not relate to an attempt by the prosecution to prove similar acts, but rather to get before the jury the fact that petitioner had been convicted of crime. Such evidence is admissible to impeach the defendant's credibility, if he takes the witness stand. *See* Hanoff v. State, 37 Ohio St. 178 (1881); State v. Murdock, 172 Ohio St. 221, 174 N.E.2d 543 (1961). Clearly, the elicitation from the witnesses of the fact that petitioner was previously convicted of crime does not fall within this exception to the rule that evidence of prior conviction is inadmissible because he had not then testified.

■■■ Evidence of conviction is also admissible to establish intent, an element of a crime, identity, malice, motive, a system of criminal activity or in rebuttal to character testimony. *See* Harper v. State, 106 Ohio St. 481, 140 N.E. 364 (1922); Whiteman v. State, 119 Ohio St. 285, 164 N.E. 51 (1928); 15 O.Jur.2d Criminal Law, §§ 349–366; Spencer v. Texas, *supra*, 385 U.S. at 560–561, 87 S.Ct. 648 (and cases cited therein). Respondent's conviction for malicious entry was not admissible under any of these rules of evidence.

■■■ The petitioner later took the stand; and, on cross-examination, he testified he was previously convicted of malicious entry. Under these circumstances, the earlier questions regarding his criminal record might be harmless error. *Cf.* Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967); Harrington v. California, 395 U.S. 250, 89 S.Ct. 1726, 23 L.Ed.2d 284 (1969); Coleman v. Alabama, 399 U.S. 1, 90 S.Ct. 1999, 26 L.Ed.2d 387 (1970). However, the general rule excluding evidence of conviction is a recognition of prejudice thought to flow from such evidence. *See* Spencer v. Texas, *supra*, 385 U.S. at 560, 87 S.Ct. 648; Whiteman v. State, *supra*, 119 Ohio St. at 289, 164 N.E. 51. In addition, it might be argued that evidence of prior conviction introduced prior to a defendant's testimony, renders meaningless his right not to testify on his own behalf and put the prosecution to its proof. *Cf.* Griffin v. California, 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106 (1965); United States v. Dean, 435 F.2d 1 (6th Cir. 1970).

With Respect to the Fifth Allegation of Error: Petitioner argues that Mrs. Edna Thompson's alleged extrajudicial statements acted as an admission of his guilt, which should have been excluded from the record. *Cf.*, Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968) (co-defendant's statement incriminating non-confessing defendant must be excluded from evidence); *but see* Nelson v. O'Neil, 402 U.S. 622, 91 S.Ct. 1723, 29 L.Ed.2d 222 (1971) (co-

defendant's confession implicating non-confessing defendant admissible if co-defendant available for cross-examination).

Respondent asserts that Mrs. Fussner's testimony concerning the conversation between herself, her daughter (Deborah Faye McClain, the alleged victim of the rape), and Mrs. Thompson was admissible under an exception to the hearsay rule in Ohio which permits the introduction of hearsay declarations of the victim made soon after an alleged rape as corroboration of the victim's testimony. Johnson v. State, 17 Ohio 593 (1848); Burt v. State, 23 Ohio St. 394; (1872); Dunn v. State, 45 Ohio St. 249, 12 N.E. 826 (1887). If there is a delay between the time of the alleged rape and the time of the corroborative extrajudicial declarations, as there was in the instant case, the delay must be satisfactorily explained. The adequacy of the explanation is a jury question. McFarland v. State, 24 Ohio St. 329 (1873).

Miss McClain's extrajudicial declarations regarding the alleged rape were admissible as corroborative of her testimony at trial under the applicable Ohio law discussed above. Nonetheless, the admission of Mrs. Thompson's alleged extrajudicial declarations for the same purpose, considering the highly prejudicial nature of those alleged declarations, is not justified under that exception to the hearsay rule. The exception applies to spontaneous declarations of the victim, which are believed to be without artifice because of their closeness in time to the event, not to the reflected opinions of third parties as to the guilt of the alleged perpetrator of the rape. Mrs. Fussner's testimony could have been given without references to Mrs. Thompson's alleged statements. The prosecutor undoubtedly was advised of Mrs. Fussner's recollection of the conversation and he could have asked questions relating to Miss McClain's declarations without reference to Mrs. Thompson's statements.

Hearsay evidence is inadmissible unless it is within one of the exceptions to the hearsay rule. 15 O.Jur.2d Criminal Law § 377. Mrs. Thompson's extrajudicial declarations are not admissible under any of the exceptions.[2]

The prosecutor could, and did, ask Mrs. Thompson on cross-examination whether she had made any prior statements inconsistent with her direct testimony supporting petitioner's testimony.

With Respect to the Sixth Allegation of Error: It is improper under Ohio law to elicit from the defendant the fact that he had been indicted for a crime for which he was not convicted. Wagner v. State, 115 Ohio St. 136, 152 N.E. 28 (1926); cf. State v. Witsel, 144 Ohio St. 190, 58 N.E.2d 212 (1944). In Witsel the Supreme Court held that where the prosecutor merely asked the defendant whether he had participated in other crimes and did not elicit from the defendant an admission that he had been indicted for other crimes, the trial court's instruction that the jury disregard the prosecutor's statements cured the error. State v. Witsel, supra, 144 Ohio St. at 192–193, 58 N.E.2d 212.

In the instant case, the trial court did not give a curative instruction. Indeed, it instructed the jury that the evidence was received and might be considered for the purpose of determining the defendant's credibility. That ruling was in clear conflict with the Ohio Supreme Court's declaration in Wagner that cross-examination as to a prior indictment which did not result in conviction was "wholly unfair . . . [and] highly prejudicial to the accused." Wagner v. State, supra, 115 Ohio St. at 137, 152 N.E. at 28.

The high degree of prejudice attendant upon such a line of questioning is also

2. Mrs. Thompson's alleged extrajudicial declarations were inadmissible hearsay. See Jones v. State, 54 Ohio St. 1, 42 N.E. 699 (1896); 15 O.Jur.2d Criminal Law, §§ 377, 378. The statement was not an admission against penal interest, or a part of the res gestae. See 15 O.Jur.2d Criminal Law, §§ 382, 388, 391.

recognized by the federal courts. In United States v. Yarbrough, 352 F.2d 491 (6th Cir. 1965) the United States Attorney, after cross-examining the defendant in connection with two prior felony convictions, asked him whether or not he had also been convicted of attempted rape. When the defendant responded, no, the United States Attorney asked him whether or not he had been *indicted* for attempted rape. The defendant answered that he had been convicted of an attempt to commit a felony. The Sixth Circuit held the cross-examination was reversible error, stating:

> Although it is well settled that the defendant, when he takes the stand in his own behalf, may be cross-examined as to prior convictions to affect his credibility as a witness, such examination should not be conducted in a manner to prejudice him in the eyes of the jury. Guilt must be found for the crime charged, not because of past crimes. Thus it has been held that an inquiry into a conviction, where the prosecution knew or should have known that there was no such conviction, was prejudicial error. Pearson v. United States, 192 F.2d 681 (6th Cir. 1951). In addition, it is well established in federal courts that it is reversible error to permit inquiry into defendant's prior indictments which did not result in convictions. An indictment has no probative value. Only a conviction for a felony may be asked about to impeach a defendant's credibility. E. G., United States v. Pennix, 313 F.2d 524 (4th Cir. 1963); United States v. C. L. Guild Const. Co., 193 F.Supp. 268 (D.R.I.1961); 58 Am.Jur., § 755. Here the question permitted by the court as to whether appellant was indicted for attempt to ravish, was prejudicial error because appellant had not been convicted of that offense.

United States v. Yarbrough, *supra,* 352 F.2d at 493; *also see* Manley v. United States, 238 F.2d 221 (6th Cir. 1956).

Thus, the prosecutor's cross-examination of petitioner would clearly have been reversible error had it occurred in a federal prosecution. However, the *Yarbrough* decision, and similar federal decisions, does not rest on a constitutional ground, but rather on a federal evidentiary rule.

 The Court now returns to the constitutional issue presented by these three state trial court evidentiary errors. The fourth and fifth errors present claims which if raised on direct appellate review would likely result in reversal. The sixth allegation is clearly reversible error if raised on direct review in either a state or federal appellate court. But the grounds for reversal are "evidentiary" and not constitutional. Further, each of the errors is grounded upon the idea that they violate standards of fairness governing criminal prosecutions. No specific, generally recognized constitutional guarantee is implicated.

The Ohio Court of Appeals for the First Appellate District found "no error prejudicial to the rights" of petitioner. Its opinion did not discuss the claims raised by petitioner. The Ohio Supreme Court denied review.[3]

 State appellate courts exist to correct errors occurring in the trial of a case. The federal writ of habeas corpus provides relief to persons who are in the custody of a state in violation of the Constitution of the United States. The writ is not intended to be a procedure for the correction of injustice or trial error. A specific constitutional right must be violated before relief may be accorded. *See* Spencer v. Texas, *supra.*

Petitioner has not been able to cite any instance when a writ of habeas corpus was issued on facts similar to those presented herein. When the constitutional right to a fair trial has been invoked, egregious and flagrant misconduct had occurred during the trial of the case. *See, e. g.,* Napue v. Illinois, 360 U.S. 264, 79 S.Ct. 1173, 3 L.Ed.2d 1217 (1959);

---

3. Respondent admits in his Return of Writ that petitioner raised the identical issues raised herein in the Ohio appellate courts.

Miller v. Pate, 386 U.S. 1, 87 S.Ct. 785, 17 L.Ed.2d 690 (1967). The doctrine of fairness has not extended to instances where the state appellate courts have failed to correct errors of state law, even though those errors, as all reversible errors, were prejudicial to the defendant.

The Court concludes that the fourth, fifth and sixth allegations, although stating claims for relief under state law, do not amount to a violation of petitioner's constitutional rights.

Whereupon, the Court holds that the petition is without merit.

This action is hereby dismissed.