Clyde E. JONES, Petitioner-Appellant,

v.

E. B. HASKINS, Supt., London Correctional Institute, Respondent-Appellee.

No. 71–1714.

United States Court of Appeals,
Sixth Circuit.

April 20, 1972.

———◆———

Ronald A. Lipez, Cincinnati, Ohio (Court appointed), for petitioner-appellant.

Leo J. Conway, Columbus, Ohio, for respondent-appellee; William J. Brown, Atty. Gen., Leo J. Conway, Asst. Atty. Gen., Columbus, Ohio, on brief.

Before EDWARDS, PECK and KENT, Circuit Judges.

PER CURIAM.

This is an appeal from denial of a petition for writ of habeas corpus in the United States District Court for the Southern District of Ohio. Petitioner-appellant had previously been convicted after a state court jury trial on a charge of forceable rape of a 13-year-old girl and sentenced to a term of five to twenty years. He complains that the jury was allowed to hear inadmissible and prejudicial hearsay and that the jury was also allowed to hear the prosecutor ask whether he had previously been indicted on a charge of assault with intent to rape. It is conceded he was not convicted on the attempted rape charge, although he pled guilty to a reduced charge of malicious entry.

The District Judge who heard this petition on the state court record ruled that although there were errors in the state court trial, none of them rose to the level of federal constitutional violations. Appellant responds by arguing that the totality of error served to deprive appellant of due process, as required by the Fourteenth Amendment.

This contention has required the reading of the entire transcript of the trial. Frequently a rape conviction poses the problem of determining which of two opposing witnesses is telling the truth. In such a case the jury verdict might easily be affected by errors of the nature of those complained of here, and hence, a due process question might be posed.

In this record, however, we find medical evidence of a torn hymen on this 13-year-old girl (plus other circumstances confirming an assault) when she was examined immediately after reporting the event to her mother. A state police officer also testified to taking her back immediately to the scene and finding a button torn from her coat and two other items which she said her assailant had employed. While we recognize that appellant took the stand and denied the crime in toto and presented several alibi witnesses that he was in a particular bar at the time the assault occurred, we can only characterize this record fairly by saying that the prosecution proofs of appellant's guilt were overwhelming.

The hearsay evidence complained of did *not*, as appellant contends, represent or imply any confession by him, and if its admission was error, it was not of federal constitutional magnitude.

As the District Judge held (and appellee concedes) questioning appellant about an indictment on which he was never

convicted would probably have been reversible error in a federal court trial. United States v. Yarbrough, 352 F.2d 491 (6th Cir. 1965). But this record does not suggest that it served to deprive appellant of a fair trial or due process of law in this case.

Finding no violation of appellant's federal constitutional rights, we affirm the judgment of the District Court for the reasons set forth above and further spelled out in the opinion of the District Judge, 343 F.Supp. 645.