**Curtis CAUDILL, Petitioner,**

v.

**Henry E. COWAN, Warden, Kentucky State Penitentiary, Eddyville, Kentucky, Respondent.**

**Civ. A. No. 1074.**

United States District Court,
E. D. Kentucky,
Catlettsburg Division.

Dec. 19, 1973.

Stanley C. Nickell, Ashland, Ky., for petitioner.

Ed. W. Hancock, Atty. Gen., Guy C. Shearer, Asst. Atty. Gen., Frankfort, Ky., for respondent.

## MEMORANDUM OPINION AND ORDER

HERMANSDORFER, District Judge.

The petitioner, who is presently incarcerated in the Kentucky State Penitentiary at Eddyville, Kentucky, seeks Federal Habeas Corpus relief pursuant to 28 U.S.C. § 2254. This Court, after finding the petitioner had exhausted his available state remedies, granted an evidentiary hearing, which was conducted at Catlettsburg, Kentucky on October 12, 1973.

The petitioner, who was represented by Court appointed counsel, presented four (4) substantive claims in support of his petition for post-conviction relief from the sentence of life imprisonment imposed by the Rowan Circuit Court, Rowan County, Kentucky on March 24, 1964 following a verdict of guilty to an indictment charging the petitioner with the capital offense of rape of a female child under the age of twelve (12).

▮▮ The petitioner's first two (2) contentions are that there was insufficient evidence to support his conviction and that the trial judge erroneously instructed the jury upon whose verdict the

petitioner's conviction rests. These contentions are not cognizable in an action for federal post-conviction relief and are, therefore, rejected. Workman v. Cardwell, 471 F.2d 909, 911 (6th Cir. 1973); Ballard v. Howard, 403 F.2d 653, 654 (6th Cir. 1968), as the instant proceedings are not a substitute for appeal. DiPiazza v. United States, 471 F.2d 719, 720 (6th Cir. 1973).

■ The petitioner's third contention is that he was denied the effective assistance of counsel at his trial. It is the respondent's position that the petitioner waived his right to counsel. The record of the State Court proceedings substantiates the respondent's argument. The record discloses three (3) separate attempts by the State Court to appoint counsel to represent the petitioner: March 12, 1964, March 18, 1964 and March 20, 1964. The petitioner's decision, albeit unwise, to reject those offers does not give rise to a violation of the safeguards afforded by the Sixth Amendment. See Kelly v. Wingo, 472 F.2d 717, 719 (6th Cir. 1973) and United States v. Murphy, 413 F.2d 1129, 1141 (6th Cir. 1969), cert. denied, 396 U.S. 896, 90 S.Ct. 195, 24 L.Ed.2d 174 (1969).

The petitioner's fourth and last contention is that he was not informed of his right to appeal, denied his right of appeal and his right to proceed on such appeal *in forma pauperis*.

The petitioner did file a motion for new trial on March 28, 1964 which was denied the same date. Under the Kentucky Rules of Criminal Procedure, such a motion, pursuant to Rule 10.02, is one of the initial procedural avenues available to a defendant in obtaining review of his sentence. The record of the proceedings is silent, however, as to the Trial Court informing the petitioner of his right to appellate review and as to whether the petitioner ever attempted to exercise that right. The record is not mute as to the petitioner's multiple efforts to obtain collateral review based upon the denial of his right to appeal.

At the aforementioned evidentiary hearing, the petitioner reiterated his allegations as to the Court's failure to apprise him of his various appellate rights. He further testified that he became aware of those rights only after incarceration.

■ Although the petitioner has the burden of establishing a violation of his constitutional rights, Stidham v. Wingo, 482 F.2d 817, 820 (6th Cir. 1973), he need only prove that he was not informed of his right of direct appeal or his right to appointed counsel on such appeal to satisfy that burden. Lovelace v. Haskins, 474 F.2d 1254, 1255–1256 (6th Cir. 1973). The lapse of almost ten (10) years since imposition of sentence does not bar the institution of this action, Herman v. Claudy, 351 F.2d 116 (1956), or serve to increase his burden, Pasley v. Overholser, 108 U.S.App. D.C. 332, 282 F.2d 494, 495 (1960); Frost v. Montana, 149 F.Supp. 349, 352–353 (D.Mont.1966) in this instance.

■ The petitioner's own uncontroverted testimony has established a violation of his constitutional rights. The record does not refute but, rather, tends to substantiate the petitioner's allegations and testimony. Any inference of regularity that may be drawn from the petitioner's aforementioned motion for a new trial is negated by the silent record and the absence of any other corroborating evidence.

Accordingly, the petitioner's motion for a Writ of Habeas Corpus shall be, and the same hereby is, sustained on condition. A Writ shall issue, but shall be stayed for a period of ninety (90) days from the date of this Opinion and Order to permit the Kentucky Courts to consider whether the plaintiff shall be granted the right of a belated appeal with either appointed, if warranted by his financial condition, or retained counsel. If no such appeal is granted, the Writ of Habeas Corpus shall become absolute upon the expiration of the stay period and the petitioner shall be released from confinement attributable to

Rowan Circuit Court Indictment No. 2011 and the conviction thereon. The respondent shall timely advise the Court of any State Court orders material to this action.

This cause shall remain on the docket for such further orders as may be appropriate for a period of ninety-five (95) days at which time it shall be stricken from the docket without a further Order of Court.