OPINION
Defendant-appellant, Jermaine L. Westbrook, appeals the judgment of the Franklin County Court of Common Pleas, convicting him of possession of crack cocaine and having a weapon under disability.
On December 28, 1999, appellant was indicted on one count of possession of crack cocaine, in violation of R.C. 2925.11, and one count of having a weapon under disability, in violation of R.C. 2923.13. Both counts contained a gun specification in accordance with R.C. 2941.141.
The charges arose out of a June 29, 1999 police raid of a suspected drug-house owned by appellant's father. Appellant was in the house at the time of the raid and, according to the evidence presented by the state at trial, he had been sitting at a dining room table where a handgun and crack cocaine was found.
In his defense, appellant testified that he resided with his mother and had gone to visit his father on the night in question to cut his father's hair. On the way, he picked up a pizza. When appellant arrived at the house, his father left the residence saying that he would be right back. Appellant testified that he sat down on a couch by the front door, ate the pizza, and waited for his father to return. Appellant heard people talking from the area near the kitchen toward the back of the house. After approximately five minutes, appellant heard his father's dog start to bark, and he went toward the dining room to see what was wrong. At that time, the police raided the house, and appellant got on the floor of the dining room as directed by the police. Appellant denied that he had ever been sitting at the dining room table.
Furthermore, during direct-examination, appellant testified that he disagreed with his father's drug-related lifestyle. Appellant also testified that he never tested positive for drugs when he was subjected to such tests as a condition of his being on parole. In addition, appellant's trial counsel asked appellant about any prior involvement with drugs:
Q. HAVE YOU EVER BEEN INVOLVED WITH DRUGS?
A. NO, SIR.
On cross-examination, the state followed up on appellant's denial that he had never been involved with drugs:
 Q. MR. SMITH ASKED YOU QUOTE, HAVE YOU EVER BEEN INVOLVED WITH DRUGS, AND YOUR RESPONSE WAS NO, SIR.
REMEMBER THAT?
A. YES, SIR.
Q. YOU KEEP WITH THAT STATEMENT, WITH THAT ANSWER?
A. YES, SIR.
* * *
 Q. YOU WERE ARRESTED FOR LOITERING FOR DRUG OFFENSE IN 1992; IS THAT CORRECT?
 A. YES, LOITERING FOR DRUG TRAFFICKING AND DRUG ABUSE. BUT I WAS NEVER FOUND WITH ANY DRUGS OR ANYTHING ON ME OR AROUND ME OR ANYTHING.
 MR. SMITH: I WOULD ASK TO NOTE FOR THE RECORD THAT WAS NOT A CONVICTION. IT IS A MISDEMEANOR.
During closing arguments, the state again reminded the jury that appellant had denied any involvement with drugs but that he had been arrested for loitering in the aid of drug offenses. The jury found appellant guilty on both counts with gun specifications and the trial court sentenced appellant to seven years imprisonment.
Appellant appeals, raising the following assignment of error:
 A TRIAL COURT ABUSES ITS DISCRETION WHEN IT PERMITS THE PROSECUTION TO INQUIRE DURING CROSS-EXAMINATION INTO A PRIOR ARREST OF THE DEFENDANT WHICH DID NOT RESULT IN A CONVICTION.
In his single assignment of error, appellant contends that the trial court erred in allowing the state to inquire into his prior arrest for loitering in the aid of drug offenses. We agree.
The parties in this case take divergent views on the purposes for which the prior arrest was introduced. Appellant claims the prior arrest was introduced to attack his credibility. The state contends that it brought up the arrest to impeach appellant after he put his character in issue. In giving consideration to both arguments, we hold that the trial court abused its discretion in allowing the state to elicit the testimony on the prior arrest.
A defendant is innocent of charges made against him or her until proven guilty beyond a reasonable doubt. See In re Winship (1970), 397 U.S. 358,364. Accordingly, the Ohio Supreme Court has previously concluded that a trial court erred in allowing the state to cross-examine a defendant about a prior arrest where the arrest did not lead to a conviction. Wagner v. State (1926), 115 Ohio St. 136, 137. The court explained:
 * * * Questions of this kind are often permitted on cross-examination as being preliminary to the later showing that in fact the indictments inquired about resulted in convictions. When the state has no such further evidence, or produces none, then questions of this character become incompetent for any purpose, and, when counsel for the state knows that no convictions attended the indictments inquired about, then this line of cross-examination is wholly unfair, and is highly prejudicial to the accused. [Id.]
Thus, appellant correctly asserts that the state was precluded from using the prior arrest to impeach his credibility. Under Evid.R. 609, a witness' credibility may only be impeached with his or her prior felony convictions or convictions of crimes involving dishonesty. Under Evid.R. 608, a witness' credibility may be impeached on cross-examination with specific instances of the witness' conduct if, in the discretion of the trial court, the conduct is clearly probative of the witness' untruthfulness. Here, appellant's prior arrest did not lead to a conviction, did not involve a felony offense, and was not a crime involving dishonesty. In addition, appellant being arrested for loitering in aid of drug offenses had nothing to do with his ability to be truthful. Accordingly, Evid.R. 608 and 609 barred the state from eliciting testimony on the prior arrest.
Recognizing the limitations on the admissibility of a defendant's prior arrest, the state concedes in its brief that it was precluded from using the prior arrest to attack appellant's credibility. However, as noted above, the state claims that it was entitled to elicit testimony on appellant's prior arrest under Evid.R. 405(A), which specifies that, once a defendant has placed his or her character in issue, the defendant may be cross-examined "into relevant specific instances of conduct." To support its argument, the state relies, in part, on our previous decision in State v. Hart (1991), 72 Ohio App.3d 92, 98. In Hart, we held that, when a defendant brings his character in issue via a character witness, Evid.R. 405(A) allows the state to question the character witness on the defendant's prior arrest, "whether or not it culminated in a conviction." Id. at 98. However, the state's reliance on Hart is misplaced. The rationale noted in Hart for using the prior arrest for impeachment purposes does not precisely fit under circumstances where the defendant places character in issue through his or her own testimony. In Hart, we noted that the state may elicit testimony on a defendant's prior arrest to test the character witness' familiarity with the defendant's reputation and to test the standards by which the witness forms opinions on other people. Id. at 98. These concerns do not exist under circum-stances where the state is impeaching the defendant's own statements on his or her character or reputation. It is also worth mentioning that the court in Hart determined that, even if there was error in allowing the state's questions, such error was harmless.
The other cases relied on by the state are distinguishable from the facts of appellant's case. For example, the state contends that appellant's case is analogous to State v. Robinson (1994),98 Ohio App.3d 560. In Robinson, the Eighth District Court of Appeals concluded that the Rules of Evidence allowed the state to cross-examine a defendant about his prior juvenile delinquency adjudication after the defendant testified about his peaceful character. Id. at 570. However, Robinson has no applicability to this case because it involved a defendant being impeached with a prior juvenile adjudication, the juvenile equivalent of a conviction. Here, as noted above, appellant was only arrested, and never convicted, of the loitering offense.
Similarly, State v. Myers (Sept. 30, 1999), Franklin App. No. 98AP-1448, another case relied upon by the state, has no applicability here. In Myers, the state cross-examined the defendant on specific instances of appellant's prior conduct. Here, the state asked appellant a generalized question about being previously arrested.
We recognize that, in State v. Gest (1995), 108 Ohio App.3d 248, a case not cited by the state, the Eighth District Court of Appeals concluded that the prosecutor properly cross-examined the defendant about his prior arrests. Id. at 258. The court noted that the defendant laid the foundation for such questioning after testifying on direct examination that he had never been arrested for anything other than the offenses for which he was currently being tried. Id. However, Gest is not applicable here because appellant never specifically denied having been previously arrested.
The questionable applicability of the above cases, notwithstanding the state's argument, fails because appellant did not put his character in issue, as contemplated by Evid.R. 405(A). Under Evid.R. 405(A), a defendant may place his or her character in issue by having a witness provide an opinion on the defendant's reputation. Alternatively, a defendant places his or her character in issue under Evid.R. 405 by providing testimony on his or her character. Here, the state contends that appellant placed his character in issue by testifying that he disapproved of his father's drug-related lifestyle, that he never tested positive for drugs after being subjected to a drug test, and by indicating that he had never been involved with drugs. However, it is unclear from the record whether appellant was using such testimony to provide information on his reputation or on a character trait of his. Indeed, the testimony does not fit under the traditional forms of reputation or character evidence. Furthermore, even if the testimony did place appellant's character in issue, appellant was never convicted of the loitering offense. Therefore, as noted below, the arrest alone does not contradict appellant's claim that he had no previous involvement with drugs.
Accordingly, based on the above, the state was unable to utilize Evid.R. 405 to impeach appellant with his prior arrest.
Furthermore, Evid.R. 403 precluded the state from eliciting testimony on appellant's prior arrest. Under Evid.R. 403(A), evidence is not admissible if its "probative value is substantially outweighed by the danger of unfair prejudice." Appellant was unfairly prejudiced by the state's eliciting testimony on the prior arrest. The prejudice stemmed from the state's attempt to demonstrate to the jury that appellant was acting in conformity with his previous arrest for loitering in aid of drug offenses. Under Evid.R. 404(B), "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith." The admissibility of such evidence is limited "due to the substantial danger that the jury will convict the defendant solely because it assumes that the defendant has the propensity to commit criminal acts." State v. Hirsch (1998),129 Ohio App.3d 294, 307.
The jury was placed in a position to conclude that appellant acted in conformity with having been arrested for the loitering offense after the state portrayed appellant loitering around his father's home, a location where investigators observed previous drug trafficking. Having characterized appellant in this manner, the state proceeded to question appellant about his prior arrest. The state again referred to the arrest during its closing argument.
The state had a strong incentive to maneuver the jury in such a direction. Its case against appellant was circumstantial and was primarily based on appellant being in proximity to the cocaine and firearm. The weakness of the state's case also added to the danger that the jury would convict appellant after concluding that he acted in conformity with his having been previously arrested for loitering in aid of drug offenses. See State v. Kidder (1987), 32 Ohio St.3d 279, 284
(recognizing the danger of a jury considering improper evidence when the case against the defendant is weak).
Appellant was further prejudiced by the state's eliciting testimony on the arrest because appellant was not convicted of the loitering offense. As noted above, appellant is innocent of the offense because he was never convicted. See In re Winship (1970), 397 U.S. 358, 364. Notwithstanding his innocence, the jury was informed of appellant's prior arrest after he professed to have never been involved with drugs.
As a result of appellant's innocence in the loitering incident, the testimony on the arrest does not contradict appellant's claim that he had no previous involvement with drugs. Therefore, any probative value of the arrest in this case was nearly negligible and was substantially outweighed by the above-noted danger the testimony on the arrest had of unfairly prejudicing appellant. As such, evidence on appellant's prior arrest was inadmissible under Evid.R. 403(A).
Therefore, for the reasons noted above, we conclude that the trial court abused its discretion in allowing the state to elicit testimony on appellant's prior arrest. Accordingly, the state was also precluded from referring to the prior arrest during its closing argument. Appellant's single assignment of error is sustained and the judgment of the Franklin County Court of Common Pleas is reversed and this case is remanded to the trial court for further proceedings consistent with this opinion.
Judgment reversed and cause remanded.
BOWMAN, J., concurs.
LAZARUS, J. dissents.